Filed 7/28/16  P. v. Naegele CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KURT DUNCAN NAEGELE,<br><br>    Defendant and Appellant. | 2d Crim. No. B255370<br>(Super. Ct. No. F441746)<br>(San Luis Obispo County)<br><br>ORDER MODIFYING OPINION AND<br>DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed on June 30, 2016, be modified as follows:

1.  On page 7, under the hearing *Lost Income*, the first full paragraph beginning "Appellant claims the trial court abused its discretion" is deleted and replaced with the following:

Appellant contends the trial court abused its discretion in awarding Doheny $2 million for lost income because the evidence is insufficient to support the award.  We agree with the People that appellant forfeited this claim by failing to raise it below. (*People v. Brasure* (2008) 42 Cal.4th 1037, 1075 [defendant who failed to object to restitution order "forfeited any claim that the order was merely unwarranted by the evidence, as distinct from being unauthorized by statute"]; *People v. Anderson* (2010) 50

Cal.4th 19, 26, fn. 6 ["Defendant . . . waived a claim of error as to the amount of restitution by failing to object on that ground in the trial court"]; see also *People v. McCullough* (2013) 56 Cal.4th 589, 597 [defendant's failure to object below forfeited his claim that the evidence was insufficient to support imposition of jail booking fee]; but see *In re K.F.* (2009) 173 Cal.App.4th 655, 660 [minor's sufficiency of the evidence challenge to a restitution order imposed under Welfare and Institutions Code section 730.6 was not forfeited by his failure to object below where "the gist of the challenges" was "that certain components of the restitution order are not shown by substantial evidence to come within the terms of the governing statute"].)  Appellant's claim that his trial attorney's failure to object, which is raised for the first time in a petition for rehearing, is also forfeited.  (*People v. Mullens* (2004) 119 Cal.App.4th 648, 669, fn. 9.)

There is no change in the judgment.

Appellant's petition for rehearing is denied.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KURT DUNCAN NAEGELE,<br><br>    Defendant and Appellant. | 2d Crim. No. B255370<br>(Super. Ct. No. F441746)<br>(San Luis Obispo County)<br><br>OPINION ON REHEARING |

Kurt Duncan Naegele appeals from restitution orders imposed as a condition of his probation following his no contest plea to gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)),[1] driving while under the influence of alcohol and causing injury (Veh. Code, § 23153, subd. (a)), and driving with a 0.08 percent or higher blood alcohol level (*id.*, subd. (b)).  Appellant also admitted allegations that he personally inflicted great bodily injury and/or proximately caused bodily injury on decedent victim Darren Dahlman and surviving victims Christopher Pennell and Ryan Doheny (§ 12022.7; Veh. Code, § 23558), and that his blood alcohol level exceeded 0.15 percent (Veh. Code, § 23578).  The trial court suspended imposition of sentence and placed appellant on four years probation with terms and conditions including that he

---

[1] All statutory references are to the Penal Code unless otherwise stated.

serve one year in county jail and pay victim restitution to Pennell, Doheny, Dahlman's widow Laura Dahlman, and Dahlman's parents. Appellant contends the court erred in awarding restitution by (1) failing to consider the victims' comparative negligence; (2) failing to consider the joint and several liability of a corporation that was named as appellant's codefendant in related civil actions; (3) failing to offset Laura Dahlman's award with settlement proceeds she received from appellant's insurer; (4) failing to determine the reasonableness of Pennell and Laura Dahlman's claimed attorney fees; and (5) ordering appellant to pay Doheny $2 million for lost income. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On the weekend of September 18, 2009, appellant, Dahlman, Pennell, and Doheny attended a party at Hearst Ranch. They arrived before dinner and each drank several alcoholic beverages. After dinner, they went "off-roading" in appellant's vehicle. Appellant was driving approximately 100 miles per hour when his vehicle skidded, crashed through a fence, became airborne, rolled, and landed on its side at the bottom of a hill. Dahlman died at the scene. Appellant, Pennell, and Doheny suffered major injuries.

Pennell, Doheny, and Laura Dahlman filed civil actions against appellant and the Hearst Corporation, the owner of Hearst Ranch. In a combined settlement of the cases, appellant's insurer contributed its policy limit of $1 million, which was divided among Pennell, Doheny, and Laura Dahlman pursuant to an undisclosed agreement.

After appellant entered his no contest plea and admitted the enhancement allegations, his attorney proposed a three-year probation term and informed the court that he "believe[d] that the restitution [had been] taken care of or [would] be taken care of through insurance." The prosecutor responded that defense counsel "is correct and summarized the disposition of the case." The court later commented, "I'm glad restitution has been taken care [of]. Probation will look into that. If they say you owe something, and if you and your attorney think it's reasonable, then you pay as directed by probation. If you disagree with it, you have a right to a hearing." The court granted appellant probation and set the matter for a restitution hearing.

2

The probation department recommended that appellant be ordered to pay $70,211 in restitution to Dahlman's parents; $2,122,885.09 to Doheny for medical expenses and lost wages; $930,146.17 to Pennell for medical expenses and lost wages; and $7,867 to Laura Dahlman for medical expenses and mileage. The probation department subsequently recommended that appellant pay Laura Dahlman an additional $4,397,867, which included a supplemental claim for lost income attributable to her deceased husband's earnings.

Appellant challenged the proposed restitution on various grounds. Laura Dahlman, Dahlman's father William, and Pennell testified at the restitution hearing. Appellant did not testify or present evidence at the hearing. After taking the matter under submission, the court denied appellant's motion to withdraw his plea and ordered him to pay victim restitution as follows: $905,252.24 to Laura Dahlman; $70,211 to Dahlman's parents; $896,378 to Pennell; and $2,127,394.12 to Doheny.

DISCUSSION

"It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer." (Cal. Const., art. I, § 28, subd. (b)(13)(A).) Section 1202.4 implements this important constitutional policy by requiring the court to order direct victim restitution in "every case in which a victim has suffered economic loss as a result of the defendant's conduct." (*Id.*, subd. (f); *Id.*, subd. (a)(1).)

The standard of proof at a restitution hearing is by a preponderance of the evidence. (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1045.) We review restitution orders for an abuse of discretion. (*People v. Giordano* (2007) 42 Cal.4th 644, 663.) We will not disturb the trial court's determination unless it is arbitrary, capricious and exceeds the bounds of reason. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.)

*Comparative Negligence*

Citing *People v. Millard* (2009) 175 Cal.App.4th 7 (*Millard*), appellant argues that the trial court abused its discretion by failing to consider the victims'

3

comparative negligence in calculating the victims' restitution awards.  We agree with the People that appellant has forfeited this argument by failing to raise it below.  (*People v. Partida* (2005) 37 Cal.4th 428, 434.)  Contrary to appellant's claim, the issue is not preserved simply because the court "raised the issue"  Appellant did not object to the court's ruling on the issue, so his claim is forfeited.  (*Ibid.*)

In any event, the claim fails.  In *Millard*, the defendant was convicted of driving under the influence of alcohol and causing bodily injury.  The evidence at trial showed that the victim, a motorcycle rider, was speeding at the time of the accident and bore substantial responsibility for his own injuries.  Accordingly, the trial court reduced the restitution for the victim's economic losses by the 25 percent of fault it attributed to him.  (*Millard, supra*, 175 Cal.App.4th at p. 37.)  The reviewing court found no error in the trial court's use of comparative fault principles in determining the amount of restitution "when the victim's negligence was also a substantial factor in causing his or her economic losses."  (*Id.* at p. 41.)

Here, the trial court did not find that the victims bore "substantial responsibility" for their injuries, or numerically allocate the parties' comparative negligence.  The court acknowledged that the victims' decisions to ride with appellant in his condition contributed to the crash, but found that appellant's negligence "was the substantial factor for the crash."  While a court has discretion to employ civil comparative fault principles in structuring a restitution order (*id.* at pp. 41-42), section 1202.4 does not require a court to employ them.

*Joint and Several Liability in Related Civil Litigation*

Appellant claims the trial court abused its discretion by failing to consider that he and the Hearst Corporation, as codefendants in the victims' related civil cases, "could be jointly and severally liable for victim restitution."  He argues that the principles underlying the joint and several civil liability of criminal codefendants should require the court to consider the joint and several liability of a criminal defendant with a codefendant in a related civil matter.  This claim is also forfeited due to the lack of an objection.  (*People v. Partida, supra*, 37 Cal.4th at p. 434.)  In any event, no authority requires a

4

court to consider a criminal defendant's joint and several liability with a civil codefendant in such circumstances.

*Offset and Attorney Fees*

Appellant contends the trial court abused its discretion by failing to offset Laura Dahlman's award by $484,000, which appellant claims is the amount she received from his insurer pursuant to the settlement of her civil action against him. He offers that his insurer provided policy coverage limits of $1 million for distribution among Laura Dahlman, Pennell and Doheny, and that Pennell and Doheny admitted having received $450,000, and $66,000, respectively.[2] He thus reasons that Laura Dahlman necessarily received $484,000 (the balance of the $1 million insurance proceeds) and that the court erred in failing to offset her restitution award by that full amount. We disagree.[3]

Once a victim makes a prima facie showing of economic loss, the burden shifts to the defendant to disprove the amount of loss claimed by the victim. The defendant is entitled to an offset for payments made to the victim by the defendant's insurer to the extent those payments are for losses included in the order of restitution. (*People v. Jennings* (2005) 128 Cal.App.4th 42, 58 (*Jennings*); *People v. Bernal* (2002) 101 Cal.App.4th 155, 165-168 (*Bernal*).) The party seeking such an offset bears the burden of proving each fact essential to his claim for relief. (*People v. Vasquez* (2010) 190 Cal.App.4th 1126, 1137 (*Vasquez*).)

Appellant failed to meet his burden here. He did not present evidence that Laura Dahlman received $484,000 of his insurance proceeds. Laura Dahlman testified that she received approximately $200,000 from the settlement and that most of it went to her attorneys. Because Laura Dahlman's restitution award did not include any attorney

---

[2] There is some dispute in the record as to whether Doheny received $99,000, or $66,000. In light of our conclusion, the amount that Doheny actually received is irrelevant.

[3] The record belies the People's assertion that appellant forfeited this claim by failing to request offset below. Appellant's restitution brief asserts that the court "must offset the civil settlement proceeds awarded to the victims against any restitution obligation imposed on [a]ppellant." (Citation omitted.) The prosecutor also acknowledged, "[I]f [appellant's] insurance paid something, he might be entitled to an offset."

fees, the court declined to offset the award at all. Appellant contends that this was also an abuse of discretion because the court failed to apply the lodestar method to determine whether the attorney fees were reasonable, as contemplated in *Millard*, *supra,* 175 Cal.App.4th 7. He contends that the court's decision to "award" Pennell $350,000 in attorney fees must be reversed for the same reason.

We agree with the People that appellant forfeited this contention by failing to raise it below. In any event, the claim lacks merit because the court did not actually award any attorney fees. As to Pennell, the court merely declined to offset his restitution award by the entire $450,000 he received in the civil settlement because Pennell only received $150,000, and the remaining $300,000 went to his attorneys. Accordingly, the court only offset the restitution award by $150,000. The court applied the same reasoning in declining to apply any offset to Laura Dahlman's restitution award.

Moreover, the court did not abuse its discretion. When attorney fees are included in a claim for restitution, *Millard* provides that "a court must begin with the lodestar calculation and then make adjustments upward or downward based on the factors discussed in *Ketchum* [*v. Moses* (2001) 24 Cal.4th 1122], including whether there is a contingency fee arrangement. [Citation.]" (*Millard*, *supra*, 175 Cal.App.4th at p. 33.) A contrary view provides, however, that "where there is uncontradicted evidence the victim incurred attorney fees as a result of the defendant's actions, it is not an abuse of discretion to award restitution for the fee without resorting to the lodestar method." (*People v. Taylor* (2011) 197 Cal.App.4th 757, 764 (*Taylor*).)

Appellant contends that *Millard* is controlling but makes no mention of *Taylor*. We need not weigh in on this conflict because the cases are inapposite to the instant case. As we have noted, the court was not asked to award attorney fees as part of a claim for restitution. Rather, the court merely had to determine to what extent, if any, the settlement payments Pennell and Laura Dahlman received from appellant's insurer had compensated them " 'for *losses subject to the restitution order*.' " (*Jennings*, *supra*, 128 Cal.App.4th at p. 58, quoting *Bernal*, *supra*, 101 Cal.App.4th at pp. 165.) Neither of their restitution awards purported to include the attorney fees they incurred in litigating

6

their civil suits against appellant. Accordingly, "[o]nly that portion of the settlement payment[s] that [were] directed to cover [losses included the restitution awards] *and did not go toward attorney fees* should be offset against the amount of [appellant's] criminal restitution obligation." (*Jennings*, at p. 58, italics added.) Appellant, who bore the burden of proving he was entitled to an offset (*Vasquez*, *supra*, 190 Cal.App.4th at p. 1137), offered nothing to dispute Pennell and Laura Dahlman's claims regarding the fees they paid to their attorneys in the civil suits. The court thus did not abuse its discretion in declining to offset their restitution awards by the full amounts of their attorney fees without first determining whether the fees were reasonable.

*Lost Income*

Appellant claims the trial court abused its discretion by awarding Doheny $2 million for lost income. Again, we agree with the People that appellant forfeited this claim by failing to raise it below.

In any event, the claim lacks merit. The court ordered restitution as a condition of probation, not as an adjunct to a prison sentence. Restitution as a condition of probation is governed by section 1203.1 rather than section 1202.4, which governs restitution orders when the defendant is sentenced to prison. The distinction between the two statutes is important, because "the scope of a trial court's discretion is broader when restitution is imposed as a condition of probation." (*People v. Giordano*, *supra*, 42 Cal.4th at p. 664, fn. 7.)

The court did not abuse its broad discretion in ordering appellant to pay Doheny $2 million for lost income as a condition of probation. A court may treat a victim's uncorroborated statements regarding the amount of his or economic losses as prima facie evidence of such losses. (*People v. Lockwood* (2013) 214 Cal.App.4th 91, 96; *People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1542-1543.) After the prosecution establishes a prima facie case of the victim's loss, the burden shifts to the defendant to prove the amount is excessive. (See *People v. Fulton* (2003) 109 Cal.App.4th 876, 886.) "Once the record contains evidence showing the victim suffered economic losses . . . ,

7

this showing establishes the amount of restitution the victim is entitled to receive, unless challenged by the defendant." (*Fulton* at p. 886.)

In its ruling, the court "arrived at the $2,000,000 figure for lost income based on its review of all the documents submitted by Mr. Doheny; financial, insurance, and medical, including those prepared by his psychiatrist and psychologist. . . . The Court is convinced that the evidence that Mr. Doheny's assertion of lost income is a valid claim not based on speculation or wishful thinking." The evidence before the court included a letter in which Doheny described his economic losses and stated that his company just launched a new product in 2009. His injuries forced him to pay $20,000 to others to perform "required demos to drive sales" of the new product. Doheny enclosed sales analysis projections for the new product and said his company "lost several accounts" because he was "unable to service any accounts and could barely afford to pay [his] partner to take over his rol[e]." He stated that the loss of one such account, which "was projected to reach $4.5M in sales annually," dealt "a devastating blow to our bottom line and future potential." He also referred to another lost account that "generated $30,000-$40,000 annually," and yet another "$45 K annual account" that" his company was "going to lose." In closing, he added, "My potential losses over a 5 year period are staggering. I will settle for $2M."

The court properly accepted Doheny's statements and supporting documents as prima facie evidence that he will lose at least $2 million in income as a result of appellant's criminal negligence. At that point, it was appellant's burden to prove otherwise. (*People v. Fulton*, *supra*, 109 Cal.App.4th at p. 886; see also *People v. Collins* (2013) 111Cal.App.4th 726, 734 ["When the probation report includes a discussion of the victim's loss and a recommendation on the amount of restitution, the defendant must come forward with contrary information to challenge that amount"].) Appellant made no effort to meet that burden. He thus cannot be heard to complain that the award amounts to an abuse of discretion.

8

DISPOSITION

The judgment orders awarding restitution is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

Michael L. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Daniel C. Chang, and David A. Glassman, Deputy Attorneys General, for Plaintiff and Respondent.